UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF RUDY ESCOBEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-424-TS |
| ) | |
| CITY OF FORT WAYNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

Before the Court is the Plaintiff's Motion for Certification of Interlocutory Appeal [DE 129], filed September 9, 2008. The Plaintiff asks the Court to certify for interlocutory appeal its Opinion and Order [DE 128] denying the Plaintiff's Motion for Reconsideration [DE 119]. The Defendant filed a Memorandum of Law in Opposition [DE 131] on September 23.

## BACKGROUND

This is a civil rights lawsuit against the City of Fort Wayne and members of the Fort Wayne Police Department under 42 U.S.C. § 1983 for violations of constitutional rights and under Indiana Code § 34-23-1-2, the Indiana Tort Claims Act (ITCA), for wrongful death. The Plaintiff, Raquel Hanic, the personal representative of the estate of Rudy Escobedo, alleges that the Defendants used excessive force and committed other constitutional violations against Escobedo during a July 19, 2005, standoff that ended when police fatally shot Escobedo in his apartment. For further factual and procedural background, see the Court's Opinion and Order [DE 111] granting in part and denying in part the Defendants' Motion for Summary Judgment.

After the Court issued its summary judgment opinion, the Defendants appealed the

adverse rulings on the grounds of qualified immunity. (*See* Notice of Appeal, DE 114.)

On June 26, 2008, the Plaintiff filed a Motion for Reconsideration [DE 119]. The Plaintiff asked the Court to reconsider its rulings that granted summary judgment: for Defendants Officers Jason Brown and Brian Martin on the excessive force claim for the fatal shooting of Rudy Escobedo; for the supervisor Defendants, Martin Bender, Douglas Lucker, Kevin Hunter, and Kevin Zelt on the substantive due process claim. After the matter was fully briefed, the Court denied that Motion. The Plaintiffs now seek to appeal that decision.

**ANALYSIS**

The Court may certify an Order for appeal if it "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit's stated criteria for such appeals is:

> [T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed.

*Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "We have interpreted 'question of law' to refer to a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002).

First, both of the Court's rulings in its Opinion on the motion to reconsider addressed questions of law. The Court first reaffirmed its prior ruling that Defendants Brown and Martin were entitled to judgment as a matter of law on excessive force claims stemming from the fatal

2

shooting of Escobedo. This ruling took the facts in the light most favorable to the Plaintiff, per the summary the judgment standard, and was based on the Court's interpretation of Fourth Amendment principles outlined in *Graham v. Connor*, 490 U.S. 386, 395 (1989), *Tennessee v. Garner*, 471 U.S. 1, 11 (1964), and Seventh Circuit cases applying the standards for police force, or seizures, such as *Sherrod v. Brown*, 856 F.2d 802, 805 (7th Cir. 1988) (en banc). (*See also* Opinion and Order 60 n.15; DE 111). Second, the Court in its decision on the reconsideration motion reaffirmed its prior ruling regarding the substantive due process claim, which was a question of law arising from the constitution. The Court ruled that the state-created danger doctrine cannot apply in a case such as this.

It is true, as the Defendants point out, that the Seventh Circuit has instructed that "Section 1292(b) was not intended to make denials of summary judgment routinely appealable," *Ahrenholz*, 219 F.3d at 676, and "that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677. In this case, the Plaintiff is appealing the granting of, not the denial of, summary judgment. Further, this appeal is close enough to being an "abstract legal issue," *id.*, and will not require "hunting through the record . . . to see whether there may be a genuine issue of material fact lurking there," *id.*, because the Plaintiff's arguments are based on legal interpretations of Fourth Amendment and due process rulings, not disputes over genuine issues of material fact.

Second, the issues of law here also are controlling. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The questions of law for the two contested claims will certainly

3

affect the further course of litigation because the Court has ruled that the Defendants are entitled to judgment for these claims. The claims are no longer being litigated, and as they were significant parts of this case, the course of litigation has been affected. The Defendants do not cite any legal authority for their argument that the issues of law in this care are not controlling; instead they repeat their argument that there are not pure questions of law at issue here.

Third, the Court's rulings on the two issues in the reconsideration motion are contestable; that is, "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). This is so particularly for the ruling on the substantive due process claim. As the Plaintiff points out, the Court acknowledged there were cases in the Seventh Circuit where the court found that police were or could be held liable under the state-created danger doctrine. However, this Court determined that the present case did not fall into that category. The Court cannot say with absolute certainty, though, that the Seventh Circuit would rule that the state-created danger doctrine does not apply. Also, the Third Circuit found that the state-created danger doctrine may apply in a police standoff case that is factually similar to this one. *See Estate of Smith v. Marasco*, 318 F.3d 497, 506–11 (3d Cir. 2003).

The Defendant points out, as the Court did in its ruling on the reconsideration motion, that "the state-created danger doctrine cases involving police officers are limited to those situations in which the injured party was not involved in creation of the danger." (Defs. Mem. in Opp. 9.) That is correct, but the Seventh Circuit in those cases did not explicitly state such a rule. This Court inferred that criteria and the Seventh Circuit could rule otherwise (as the Third Circuit has), so it is contestable.

Fourth, an immediate appeal from the Court's order on the reconsideration motion will

speed up the litigation because a number of claims in this case already are on appeal. It would be more efficient for the appeals court to consider and decide from among all the claims in this case which claims should go to trial or be resolved as a matter of law now. The alternative is to wait for the appeals court's rulings, proceed to trial, if any, and then wait for another appeals court decision regarding the outcome of the trial and the Court's reconsideration ruling.

The Defendants argue that permitting the Plaintiff's interlocutory appeal "serves no purpose other than to delay this case, a case which has been on file since the middle of 2005." (Defs. Mem in Opp. 10.) The Defendants also state that the pending appeal dealing with the Defendants' qualified immunity "is already in the middle of the briefing process." (*Id.*) While it is true that "the possibility of multiple appeals is simply part of the nature of the case," (*id.*), that does not mean it has to be that way, especially if it is more efficient for the appeals court to consider all (or most) claims now rather than later. Deciding all the issues at once is indeed more efficient than deciding some issues now and some issues later.

Also, permitting this interlocutory appeal will not significantly delay the briefing process. The Defendants' opening appellant brief was due on August 18, the docket indicates it was filed August 19, but then it was stricken for non-compliance with a Circuit Rule. It was refiled as corrected on September 2. The due date for the Plaintiff's appellee brief has been extended to October 17, and the due date for the Plaintiff's appellant reply brief has been extended to October 31 (*See* Appeals Court Order of Sept. 12, DE 13; *see also* Appeals Court docket for case No. 08-2365.) The Seventh Circuit is aware of the Plaintiff's motion for reconsideration, and it contemplates a possible additional extension. (*See* Appeals Court Order of Sept. 12) ("If the district court certifies its order or if the motion for certification is still pending, the appellee may

5

seek an additional extension."). If the Seventh Circuit agrees to hear this appeal, this Court cannot find that it will significantly delay the briefing process. In any event, the appeals court can consider any potential delay in its decision to accept the appeal and decide for itself.

Last, the request to certify an interlocutory appeal was timely filed. The Plaintiff's motion to certify was filed only ten days after the Court's decision on the reconsideration motion. The Court concludes that ten days is a reasonable amount of time. The Defendants argue that "the request for certification of an interlocutory appeal is in reality a request for reconsideration of the summary judgment decision entered more than four months ago," (Defs. Mem. in Opp. 3), so that makes the Plaintiff's request untimely. However, the Plaintiff's motion specifically states that the Plaintiff wishes to appeal the Court's order denying the reconsideration motion (on only two claims); the Plaintiff's motion does not state that she seeks to appeal the Court's summary judgment decision. (Pl. Mot. for Certification of Interlocutory Appeal 1) ("Plaintiff . . . moves this Court to certify for interlocutory appeal its *order denying Plaintiff's previously filed motion for reconsideration*.") (emphasis added). The cases cited by the Defendant do not support Defendant's position that the timing of the motion for certification should be based on the summary judgment ruling rather than the reconsideration ruling.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Certification of Interlocutory Appeal [DE 129] is GRANTED.

So ORDERED on September 25, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6