UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF RUDY ESCOBEDO (Deceased) )<br>(Raquel Hanic, Personal Representative of Estate), )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>LIEUTENANT KEVIN HUNTER, )<br>LIEUTENANT KEVIN ZELT, )<br>DEPUTY CHIEF MARTIN A. BENDER, and )<br>DEPUTY CHIEF DOUGLAS A. LUCKER, )<br>each in his individual capacity, )<br>)<br>    Defendants. ) | CAUSE NO.: 1:05-CV-424-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Renewed Motion for Permission to Proceed in Forma Pauperis [ECF No. 221], filed on June 17, 2011. On June 14, the Plaintiff filed a Verified Motion for Permission to Proceed In Forma Pauperis [ECF No. 219]. In its initial Motion, the Plaintiff requested in forma pauperis status on appeal explaining that the decedent died without any assets or property of any value, that the decedent's family has provided some limited support to cover litigation costs, that the attorneys for the Estate have prosecuted this case on a contingency basis, and that the estimated trial transcript cost is $6,700. In a June 16 Order [ECF No. 220], the Court denied the Plaintiff's initial Motion without prejudice and with leave to renew the Motion with accompanying citation to authority and supporting evidentiary materials, including, but not limited to, affidavits. The Plaintiff brought her Renewed Motion pursuant to 28 U.S.C. §§ 1915 and 753(f). Accompanying the Motion is an Affidavit of Raquel Hanic, Personal Representative of the Estate of Rudy Escobedo [ECF NO. 221-1], in which Ms. Hanic states that the Estate has no assets, that the family has borrowed money to finance the

lawsuit, and that Attorney Michael Sutherlin's office has had to advance the rest of the costs and expenses of this protracted litigation.

On December 20, 2005, the Plaintiff filed a Complaint [ECF No. 1] naming as Defendants the City of Fort Wayne and certain members of the Fort Wayne Police Department, in their individual capacities: Martin Bender, Douglas Lucker, Kevin Hunter, Kevin Zelt, Brian Martin, Jason Brown, Scott Straub, Bernard Ebetino, Derrick Westfield, Shane Lee, and Tim Selvia. The Complaint alleged claims under 42 U.S.C. § 1983 and a state law claim. On May 5, 2008, the Court issued an Opinion and Order [ECF No. 111] granting in part and denying in part the Defendants' Motion for Summary Judgment. The Court denied the Defendants' summary judgment motion as it pertained to the following claims: the Plaintiff's excessive force claim against Martin for firing tear gas into Mr. Escobedo's apartment; the supervisory liability claim against the supervisors—Bender, Lucker, Zelt, and Hunter—for the tear gas fired into the apartment; the excessive force claim against the entry team—Selvia, Martin, Brown, and Straub—for the raid on the apartment and bedroom with tear gas and flash bang grenades; and supervisory liability claim against the supervisors—Bender, Lucker, Zelt, and Hunter—for the entry team's raid. On September 25, 2008, the Court issued an Opinion and Order [ECF No. 132] granting the Plaintiff's Motion for Certificate of Appealability. After hearing the appeal, the United States Court of Appeals for the Seventh Circuit (Seventh Circuit) issued a Mandate on May 20, 2010, affirming this Court's determination on summary judgment that qualified immunity did not apply. In February 2011, this case was tried before a jury. On February 14, before the Defendants presented their case in chief, the Court granted in part their Motion for Judgment as a Matter of Law and dismissed the entry team Defendants—Selvia, Martin, Brown,

and Straub—as a matter of law. On February 17, the jury returned a verdict in favor of the remaining Defendants on all counts. On May 27, 2011, the Court issued an Opinion and Order granting the Defendants' Motion for Judgment as a Matter of Law and directed the entry of Judgment in favor of the remaining Defendants on the basis of qualified immunity.

Title 28 of the United States Code provides in Section 1915(a)(1) that:

> any court of the United States may authorize [an] . . . appeal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Section 1915(c) provides, in part, that " [u]pon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of [] printing the record on appeal in any civil or criminal case . . . ." Section 753(f) provides, in part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

To authorize a litigant to proceed in forma pauperis, a court must determine whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1), and whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B). Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff

has sufficiently established that the Estate is unable to pay for the transcript.

As to the second inquiry, although the Court on May 27, 2011, issued an Opinion and Order granting the Defendants' Motion for Judgment as a Matter of Law and finding that the Defendants were entitled to qualified immunity, that ruling is only one of several that the Plaintiff is appealing. The Plaintiff is also challenging the Court's May 5, 2008, Opinion and Order granting in part and denying in part the Defendants' Motion for Summary Judgment, the Court's February 14, 2011, ruling as a matter of law in favor of the entry team, the February 17, 2011, the jury's verdict in the Defendants' favor, and ultimately the Court's Judgment entered on May 27, 2011. Additionally, the Court's qualified immunity ruling involved only four of the Defendants in this action.

The Court has discretion whether to grant the IFP request. 28 U.S.C. § 1915(a)(1) (stating that "any court of the United States *may* authorize [IFP status]") (emphasis added). The Seventh Circuit has also noted:

> Section 1915 allows, but does not compel, courts to permit destitute plaintiffs to proceed without prepayment of fees. Section 1915(g) identifies circumstances in which courts must withhold this opportunity; for other good reasons, courts may withhold this privilege whether or not the statute commands it. Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment on matters of discretion. This was established before the PLRA's [Prison Litigation Reform Act] enactment in 1996, and the changes made in 1996 did not remove district judges' authority to curtail misuse of the statute.

*Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) (internal citations omitted). The Court notes that the Plaintiff has already paid the filing fee with this Court and the Court of Appeals, but nothing in the record suggests that the appeal in this case constitutes a misuse or abuse of the statute. The Plaintiff's appeal is not frivolous or malicious, and the Plaintiff's claims were the

subject of protracted litigation. Consequently, the Court will grant the Plaintiff's request for IFP status for the purpose of obtaining a transcript on appeal.

## CONCLUSION

The Court, being duly advised, GRANTS the Plaintiff's Renewed Motion for Permission to Proceed in Forma Pauperis [ECF No. 221] as it pertains to obtaining a transcript on appeal. The Court ORDERS that a transcript for appeal be provided pursuant to 28 U.S.C. § 753(f).

SO ORDERED on July 13, 2011.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT